Case 3:24-mj-00198-MWB Document 12 Filed 02/08/24 Page 1 of 11 PageID.25
Case 4:24-cr-00015-MWB Document 12 Filed 02/08/24 Page 12 of 14
Page 1 of 22

# SEALED

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

**ARREST ON OUT-OF-DISTRICT OFFENSE**

24 MJ0198

CASE NUMBER: 24MJ_____

The person charged as Andre J. Burk a/k/a Max Vance now appears before this United States District Court for an initial appearance as a result of the following charges having been filed in the United States District Court for the Middle District of Pennsylvania with: unauthorized access of a protected computer and false statement, in violation of 18 U.S.C. Section(s) 1030(a)(2) and 1001.

The charging documents and warrant for the arrest of the defendant which was issued by the above United States District Court are attached hereto.

I hereby swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

DATED: January 22, 2024

Kenneth Laray Mounteer
Special Agent
Federal Bureau of Investigation

Reviewed and Approved

Dated: January 22, 2024

Victor P. White
Assistant United States Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>      Plaintiff,<br><br>v.<br><br>Andre J. Burk,<br><br>      Defendant. | Case No.: 3:24-mj-198-BLM<br><br>**ORDER** |

  Under federal law, including Rule 5(f) of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and all applicable decisions from the Supreme Court and the Ninth Circuit interpreting *Brady*, the government has a continuing obligation to produce all information or evidence known to the government relating to guilt or punishment that might reasonably be considered favorable to the defendant's case, even if the evidence is not admissible so long as it is reasonably likely to lead to admissible evidence. *See United States v. Price*, 566 F.3d 900, 913 n.14 (9th Cir. 2009). Accordingly, the court orders the government to produce to the defendant in a timely manner all such information or evidence.

  Information or evidence may be favorable to a defendant's case if it either may help bolster the defendant's case or impeach a prosecutor's witness or other government evidence. If doubt exists, it should be resolved in favor of the defendant with full

1  disclosure being made.

2  If the government believes that a required disclosure would compromise witness
3  safety, victim rights, national security, a sensitive law-enforcement technique, or any other
4  substantial government interest, the government may apply to the Court for a modification
5  of the requirements of this Disclosure Order, which may include *in camera* review and/or
6  withholding or subjecting to a protective order all or part of the information.

7  This Disclosure Order is entered under Rule 5(f) and does not relieve any party in
8  this matter of any other discovery obligation. The consequences for violating either this
9  Disclosure Order or the government's obligations under *Brady* include, but are not limited
10  to, the following: contempt, sanction, referral to a disciplinary authority, adverse jury
11  instruction, exclusion of evidence, and dismissal of charges. Nothing in this Disclosure
12  Order enlarges or diminishes the government's obligation to disclose information and
13  evidence to a defendant under *Brady*, as interpreted and applied under Supreme Court and
14  Ninth Circuit precedent. As the Supreme Court noted, "the government violates the
15  Constitution's Due Process Clause 'if it withholds evidence that is favorable to the defense
16  and material to the defendant's guilt or punishment.'" *Turner v. United States*, 137 S. Ct.
17  1885, 1888 (2017), quoting *Smith v. Cain*, 565 U.S. 73, 75 (2012).

19  Dated: 1/22/2024

*[signature: Barbara Major]*

Honorable Barbara L. Major
United States Magistrate Judge

**FILED**

JAN 3 0 2024

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 24-MJ-198-BLM |
| Plaintiff, | |
| v. | DETENTION ORDER |
| Max Vance aka Andre J. Burke | |
| Defendant. | |

A. **Order For Detention**

After conducting a detention hearing pursuant to 18 U.S.C. §3142(f) of the Bail Reform Act, the Court orders the above named defendant detained without bail pursuant to 18 U.S.C. §3142(e) and (i).

B. **Statement of Reasons For the Detention**

The Court orders the defendant's detention because it finds:

    __X__ By a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

    _____ By clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

1

C. **Findings of Fact**

The Court's findings are based on the evidence presented to the Court, including the criminal complaint and attorney proffer(s), and the information contained in the Pretrial Services Report. After considering all of the relevant information and evidence, the Court finds as follows:

(1) Nature and circumstances of the offense charged:

__X__ (a) The offense charged: *obtaining info from protected computer*

is a serious crime and carries a maximum penalty of _____

_____ and a mandatory minimum sentence of _____.

_____ (b) The offense is a crime of violence.

_____ (c) The offense is a federal crime of terrorism listed in 18 U.S.C. §2332b(g)(5)(B) for which the maximum term of imprisonment is 10 years or more.

_____ (d) The offense involves a narcotic drug.

_____ (e) The offense involves a large amount of controlled substances, to wit: _____.

(2) Weight of the evidence against the defendant. The Court acknowledges that this is the least significant factor but finds as follows:

__X__ (a) There is probable cause to believe the named defendant committed the charged offense.

_____ (b) The evidence against the defendant is strong including that _____.

(3) History and characteristics of the defendant:

_____ The defendant appears to have a mental condition which may affect whether the defendant will appear. *not in SD but mom in FL*

__X__ The defendant has no/limited family ties to the community.

__X__ The defendant is not a long time resident of the community.
*-2 yrs in SD*

__X__ The defendant does not have significant community ties.

_____ The defendant has significant family ties to Mexico.

_____ The defendant has other significant ties to Mexico.

1. __X__ The defendant does not have steady employment in the United States.
2. _____ The defendant does not have substantial financial resources or assets in the United States.
3. _____ The defendant did not present any/a sufficient bond proposal.
4. _____ Past conduct of the defendant: _____
   _____
5. _____ The defendant has a history relating to drug abuse.
6. _____ The defendant has a history relating to alcohol abuse.
7. _____ The defendant has a significant prior criminal record.
8. _____ The defendant has a prior record of failure to appear at court proceedings.
9. _____ The defendant has a prior record of probation, parole or supervised release violations and/or revocations.
10. _____ The defendant is an illegal alien and is subject to deportation.
11. _____ The defendant is a legal alien and will be subject to deportation if convicted.
12. __X__ Other: ① Δ possessed 2 firearms at his home despite restraining order prohibiting poss of weapons *including ghostgun + ammunition* ② Δ possed at his home *rear* numerous false IDs w/ his photo + a variety of names.
13. _____ At the time of the current arrest, the defendant was on:
    _____ Probation _____ Parole _____ Supervised Release
    _____ Release pending trial, sentence, appeal or completion of sentence.

(4) The nature and seriousness of the danger posed by the defendant's release are as follows: ③ Δ has outstanding arrest warrants for FTA *in his home* ④ Δ possessed blank ID docs + machines to create ID cards ⑤ Δ had 2 full head + neck masks + a tracking device ⑥ Δ has a restraining order issued in SC in 12/2023 ⑦ Δ possessed paperwork re: prior crimes + requirement to appear in court (he FTA) ⑧ Thumbdrive found hidden in car with info from his prior employer after he was fired.

(left margin, vertical) ⑨ Δ used a variety of names hiding his/law enforcement + interactions

(5) Rebuttable Presumptions

In determining that the defendant should be detained, the Court also relied on the following rebuttable presumption(s) contained in 18 U.S.C. §3142(e) which the Court finds the defendant has not rebutted.

_____ (a) That no condition or combination of conditions will reasonably assure the safety of any other person and the community because the Court finds that the crime involves:

_____ (A) A crime of violence or a crime listed in 18 U.S.C. §2332b(g)(5)(B) for which the maximum sentence is 10 years or more; or

_____ (B) An offense for which the maximum penalty is life imprisonment or death; or

_____ (C) A controlled substance violation which has a maximum penalty of 10 years or more; or,

_____ (D) A felony after the defendant had been convicted of two or more offenses described in (A) through (C) above,

AND the defendant has a prior conviction for one of the crimes mentioned in (A) through (C) above, which was committed while the defendant was on pretrial release and no more than five years have passed since his release from imprisonment for that crime.

_____ (b) That no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because the Court finds that there is probable cause to believe:

_____ (A) That the defendant has committed a controlled substance violation which has a maximum penalty of 10 years or more.

_____ (B) That the defendant has committed an offense under 18 U.S.C. §§924(c), 956(a) or 2332b.

_____ (C) That the defendant has committed an offense listed in 18 U.S.C. §2332b(g)(5)(B) which has a maximum penalty of 10 years or more.

_____ (D) That the defendant has committed an offense involving a minor victim under 18 U.S.C. §§1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), (2) or (3), 2252A(a)(1), (2), (3) or (4), 2260, 2421, 2422, 2423 or 2425.

D. **Additional Directives**

IT IS ORDERED that the defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with his counsel.

4

While in custody, on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and Government counsel.

This order is made without prejudice to modification by this Court.

IT IS SO ORDERED.

Dated: 1/30/24

BARBARA L. MAJOR
United States Magistrate Judge

cc: District Judge
All Counsel of Record

AO 466A (Rev. 12/17) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
for the
Southern District of California

**FILED**
JAN 3 0 2024
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

United States of America )
v. ) Case No. 24MJ198-BLM
ANDRE J. BURK a/k/a MAX VANCE )
) Charging District's Case No. 24MJ5
_____ )
Defendant )

## WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* Middle District of Pennsylvania

I have been informed of the charges and of my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2) an identity hearing to determine whether I am the person named in the charges;

(3) production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4) a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5) a hearing on any motion by the government for detention;

(6) request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☒ an identity hearing and production of the warrant.

☐ a preliminary hearing.

☐ a detention hearing.

☐ an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary or detention hearing to which I may be entitled in this district. I request that my ☐ preliminary hearing and/or ☐ detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 1/30/24

_____
Defendant's signature

_____
Signature of defendant's attorney

SCOTT PACTR
Printed name of defendant's attorney

Warrant of Removal (After Waiver of Hearing)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

**PLEASE RECEIPT AND RETURN**

| | |
|---|---|
| UNITED STATES OF AMERICA | Magistrate Case No. 24MJ198 |
| v. | |
| ANDRE J. BURK a/k/a MAX VANCE | WARRANT OF REMOVAL (After Waiver of Hearing) |

**To: United States Marshal**

An indictment having been filed in the Middle District of Pennsylvania, charging defendant **ANDRE J. BURK a/k/a MAX VANCE** with unauthorized access of a protected computer, in violation of 18 U.S.C. §1030(a)(2), and the above-named defendant having been arrested in this district and, after waiving hearing pursuant to Federal Rules of Criminal Procedure 5(c) and 5.1(a), having been committed by a United States Magistrate Judge to your custody pending his removal to that district,

You are hereby commanded to commit the above-named defendant forthwith to the Middle District of Pennsylvania and there deliver him to the United States Marshal for that district or to some other officer authorized to receive him.

HON. BARBARA L. MAJOR
United States Magistrate Judge

Dated at San Diego, California, this 30th day of January, 2024.

## RETURN

Middle District of Pennsylvania

Received the within warrant of removal the _____ day of _____, 2024, and executed same.

_____
U.S. Marshal

By _____
Deputy Marshal

**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA

OFFICE OF THE CLERK
333 WEST BROADWAY, SUITE 420
SAN DIEGO, CALIFORNIA 92101

OFFICIAL BUSINESS



US POSTAGE — PITNEY BOWES
ZIP 91950 $ 002.59
02 4W
0000343406 FEB 01 2024

**RECEIVED**
HARRISBURG, PA

FEB 08 2024

PER ___IAL___
DEPUTY CLERK

Pennsylvania Middle District Court
Sylvia H. Rambo US Courthouse
1501 N. 6th St.
Harrisburg, PA 17102