

*U.S. Department of Justice*

*John C. Gurganus*
*Acting United States Attorney*
*Middle District of Pennsylvania*

Website: www.justice.gov/usao/pam/
Email: usapam.contact@usdoj.gov

---

*William J. Nealon Federal Building*
*235 N. Washington Avenue, Suite 311*
*P.O. Box 309*
*Scranton, PA  18503-0309*
*(570) 348-2800*
*FAX (570) 348-2037/348-2830*
*TTY (570) 341-2077*

*Sylvia H. Rambo United States Courthouse*
*1501 N. 6th Street*
*Box 202*
*Harrisburg, PA  17102*
*(717) 221-4482*
*FAX (717) 221-4493/221-2246*
*TTY (717) 221-4452*

*Herman T. Schneebeli Federal Building*
*240 West Third Street, Suite 316*
*Williamsport, PA  17701-6465*
*(570) 326-1935*
*FAX (570) 326-7916*
*TTY (570) 326-9843*

August 18, 2025

<u>Via ECF</u>

The Honorable Matthew W. Brann
Chief United States District Judge
Middle District of Pennsylvania
240 West Third Street
Williamsport, PA 17701

    Re:   <u>United States v. Max Vance, a/k/a, Andre J. Burk</u>
            <u>(4:24-CR-00015)</u>

Dear Chief Judge Brann:

    Defendant Max Vance has made several miscellaneous filings and requests to the docket in his *pro se* capacity. The Government respectfully submits this letter outlining its position on those filings, to the extent it is required to take a position. Please accept this letter in advance of the defendant's briefs in support of his motions in accordance with local rules, as it is not clear whether he will file any briefs.

    The defendant's first *pro se* filing is styled an "emergency motion for temporary release" (Doc. 67). To be granted temporary release, the defendant has the burden of showing his release "is necessary for preparation of [his] defense or for another compelling reason." 18 U.S.C. § 3142(i). The defendant's filings contain several general complaints regrading the prison's conditions, which he alleges prejudice his defense and his health. The defendant's filings are unfortunately so sparse that they do not permit the Government nor this Court to discern whether there is any basis for granting temporarily release. In addition, the defendant's proposed release plan is concerning. His first proposal is to be released to his mother. This is the same custodian proffered at the detention hearing in February

of this year, which the Court correctly rejected. His second proposal is to be released to the "another approved person who has provided an affidavit." Without more detail, the Government must oppose the motion for temporary release at this time and request continued detention for the reasons proffered at the last detention hearing in this case.

Next, the defendant moves for a status conference, citing general prejudice to his defense and mishandling of his mail. (Doc. 70). Such scheduling matters are within the Court's discretion. To the extent required to take a position, the Government does not oppose this motion.

Next, the defendant requests "a free transcript of the February 28th 2025 detention hearing pursuant to 18 U.S.C. 3006A." (Doc. 71). Section 3006A is the Criminal Justice Act, which provides for a plan "for furnishing representation for any person financially unable to obtain adequate representation." Counsel who has been appointed under the CJA "for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an *ex parte* application." *United States v. Raghunathan*, 288 F. App'x 2, 4 (3d Cir. 2008) (citing 18 U.S.C. § 3006A(e)(1)). "Necessary transcripts are included within the 'services' authorized." *Id.* It appears, however, that the defendant cannot avail himself of the CJA, since he has knowingly and voluntarily waived his right to counsel and is proceeding *pro se*.

28 U.S.C. § 753(f) contains several provisions addressing the request for transcripts by a defendant in a criminal proceeding with payment being made by the United States. While none of the categories in that section directly address the situation in this case—that is, a *pro se* defendant pending trial—each category requires the defendant demonstrate, and the Court find, that the request is for a nonfrivolous legal proceeding, and the transcript is necessary to decide the issues presented. Section 753(f) also appears to require the defendant proceed under the CJA or meet the requirements for proceeding *in forma pauperis*.

Accordingly, to the extent the Government is required to pay for the requested transcript, the Government does not oppose the request if the defendant meets the requirements for proceeding *in forma pauperis* and shows his claims are not frivolous and the transcript is necessary to decide the issues presented. To the extent the defendant is required to pay for the requested transcript, the Government does not oppose the motion.

Next, the defendant filed a motion styled a motion for information on the status of all his motions. (Doc. 73). The Government does not oppose this motion.

Next, the defendant filed a motion styled a "motion to dismiss without prejudice" his previous motion to transfer venue for trial. (Doc. 74). On June 16, 2025, the Court ordered the defendant to file a brief in support of his motion by July 25, 2025. On July 9, 2025, the defendant asked for an extension, and the Court extended the deadline to August 11, 2025. The defendant has not filed a brief in support. Since it appears from his "motion to dismiss" that the defendant intends to re-file his motion to transfer venue, the Government opposes the motion and instead requests the Court extend the defendant's time to file his brief by a reasonable period.

Next, the defendant filed a motion to continue trial and the pretrial motion deadline by 90 days. The defendant avers the continuance is necessary in preparing his defense. Since there are pending pretrial motions, and the defendant recently went *pro se*, the Government does not oppose this motion.

        Sincerely,

        JOHN C. GURGANUS
        Acting United States Attorney

By:  */s/ Kyle A. Moreno*
      KYLE A. MORENO
      Assistant United States Attorney

Cc: Max Vance, *Pro Se*
(Mailed first class to the inmate at Lycoming County Prison)