United States District Court
Middle District of Pennsylvania
U.S. v. Max Vance | Number
| 4:24-CR-00015

FILED
WILLIAMSPORT
SEP 2 2025
PER _____ VR
DEPUTY CLERK

Brief in Support of Second Emergency motion for Temporary Release pursuant to 18 U.S.C. 3142(i)

This brief is in support of my second emergency motion for temporary release which will be filed in early September. My defense has been severely prejudiced by the imposition of incredibly pernicious prison policies, the vast majority, if not all of which fall far outside the scope of what is needed to secure a prison and what is useful when securing a prison. From the viewpoint of security these policies, rules, and configurations are useless. They are useful for the purpose of obstructing justice and prejudicing defendants. These policies are not endorsed or used by many federal and non-federal detention facilities. These harmful prison policies, rules, and configurations are antithetical to justice.

Stand-by counsel is not available to act as a proxy between me and the numerous

Page 1 of 9

legal and defense experts that I have spoken with over the past 20 months and will need to speak to going forward. It's critical that I have access to a properly functioning communication system, otherwise I am incredibly prejudiced and my legal defense preparations will become inadequate.

The phone system that has been implemented in this County prison, and many others in the surrounding area, is completely incompatible with phone systems that are used by the vast majority of lawyers and other experts. There are multiple causes of the incompatibilities that cause the calls to not connect to the phone systems at many legal offices. There are also explicit design and configuration decisions that make many legal calls impossible.

The legitimate desire and need that federal pre-trial prisoners have to communicate with defense attorneys and other defense experts are being abused, by prison officials and vendors, as 1 of many vectors that service a massive system of economic exploitation that is being perpetrated against a mostly presumed

page 3 of 9 Brief

Innocent population of prisoners. These various economic, technical, and procedural hurdles, and obstructions that negatively impact communications with legal experts are not an inevitability. At a B.O.P. run facility known as MCC San Diego, legal communications are completely free of cost for inmates, and free of the ~~~~ procedural and technical hurdles, and other unnecessary obstructions that are designed to prejudice defendants in this county prison and many county prisons in the surrounding areas. Encumbered access to ~~~~ ~~~~ legal experts leads to obstructed access to the courts.

    Prison resources are being officially abused to spy on and monitor the legal documents of pretrial prisoners. This limits my access to prison resources when I need to protect sensitive documents, and documents that are court sealed or are likely to become court sealed.

    Continuous irreparable damage is

being done to my legal defense and to the preparation of my legal defense by inexplicably unavailable resources, like the notary service. As a consequence, the scope of my legal defense has been substantially and drastically reduced. As a result of this my ability to access the courts has been restricted and limited to the point that my legal defense cannot be viable and my legal defense preparations have been fatally obstructed. I need to be able to create affidavits where I am the signatory and I need to be able to confer power of attorney upon people ~~outside of prison~~ who are not in prison. This is necessary ~~~~ so that I can adequately access the courts, and to access my assets to fund and direct my legal defense, and to cope with the extreme level of economic exploitation that has been imposed on the prison population. I'm being blocked in this regard.

The prison has a policy of opening legal mail only in the presence of the prisoner it is addressed to. This policy is completely contradicted and nullified

by another policy that says prison staff are allowed to search and inspect a prisoner's property whenever prison officials/staff want to, outside the presence or awareness of the prisoner the property belongs to. Much of my property is legal mail, and it has been inspected multiple times completely outside of my view and presence. My property includes: legal and medical documents, and court sealed documents. Thus, prison staff are allowed to inspect legal mail and court sealed documents whenever they want and potentially compromise a defendants legal defense with complete impunity.

There have been numerous incidents where air quality in some areas of the prison have dropped to levels so low that it becomes injurious to my health, and contaminated with particles that damage/destroy neurological structures in the brain which can lead to cognitive decline. This is a threat to my health and my ability to engage in legal defense

preparations.

Colon cancer and other often fatal bowel diseases run in my family. My nan's identical twin died from colon cancer at the age of 46 years old. I am 45 years old, soon to be 46, and I am suffering from the same symptoms, including gastrointestinal bleeding, pain, and other symptoms. This is documented in my medical records. I am not receiving any care or treatment for this issue.

Prison medical staff have a habit of frequently attempting to "diagnose" ailments that are outside the scopes of their expertise. As a result, I have multiple untreated, inadequately treated, and incorrectly diagnosed ailments. I've also been advised that certain ailments can be treated when I am released. This obviously puts pressure on me to plead guilty, just like it has numerous other pretrial prisoners. This attitude and culture is antithetical to justice, and helps create the conditions that obstruct justice.

My vision is in decline and becoming

Optically reduced and blurred. I've been blocked by prison medical staff from seeing an optometrist. This is an emerging and increasing threat to the viability of my legal defense. Apparently, this has been designated as another health issue that can be addressed when I am released.

My release plan is to be released to the custody of my mom or another appropriate person who submits an affidavit, for a period of approximately 30 days. During this release I will overcome issues that are hindering and blocking my legal defense preparations. I will also address my medical and health problems. My mom is currently semi-retired and spends a great amount of time at home. She has a degree in mathematics and she was a high school math teacher. She has no criminal record.

I pose no risk of flight. I have absolutely nothing to gain from attempting to live the rest of my life on the run from the FBI and USMS. The sentence associated with this CFAA allegation

is small and far to small to make a life on the run from the fbi and usms logical or even conceivable. Furthermore, IF I was convicted, this is not inevitable for reasons I will address, the already relatively small sentence associated with the allegation would either be completedy surpassed or closely matched by the pre-trial incarceration credit that has accumulated; the credit is currently over 22 months.

The government's case lacks strength for reasons not the least of which is the dubious valuation they've placed on the information that was supposedly copied. There are experts that can prove the information does not meet the $5,000 threshold.

Furthermore, if the government's case was not riddled with weakness I would have been indicted in the Southern District of California. The Southern District of California is the only district that has jurisdiction over all matters related to this case. It's also where the search warrant was conducted,

page 9 of 9

and executed. One of the government's greatest strengths has been to, which the help of its collaborators and minions, is to burden the defense with every conceivable prejudice and many inconceivable prejudices.

Date: 8/30/2025

Max Vance