

*U.S. Department of Justice*

*Brian D. Miller*
*United States Attorney*
*Middle District of Pennsylvania*

Website: www.justice.gov/usao/pam/
Email: usapam.contact@usdoj.gov

| | | |
|---|---|---|
| *William J. Nealon Federal Building*<br>*235 N. Washington Avenue, Suite 311*<br>*P.O. Box 309*<br>*Scranton, PA  18503-0309*<br>*(570) 348-2800*<br>*FAX (570) 348-2037/348-2830*<br>*TTY (570) 341-2077* | *Sylvia H. Rambo United States*<br>*Courthouse*<br>*1501 N. 6th Street*<br>*Box 202*<br>*Harrisburg, PA  17102*<br>*(717) 221-4482*<br>*FAX (717) 221-4493/221-2246*<br>*TTY (717) 221-4452* | *Herman T. Schneebeli Federal Building*<br>*240 West Third Street, Suite 316*<br>*Williamsport, PA  17701-6465*<br>*(570) 326-1935*<br>*FAX (570) 326-7916*<br>*TTY (570) 326-9843* |

*Please respond to: Scranton*

December 24, 2025

<u>Via ECF</u>

The Honorable Matthew W. Brann
Chief United States District Judge
Middle District of Pennsylvania

    Re:    <u>United States v. Max Vance a/k/a Andre J. Burk</u> (4:24-CR-00015) Rule 41(g) Motion for Return of Property (Doc. 101)

Dear Chief Judge Brann:

    The defendant in this case filed a motion for return of property pursuant to Federal Rule of Criminal Procedure 41(g). (Docs. 101, 104). Since the motion can be readily denied, please accept this letter in lieu of a more formal brief in opposition.

    Rule 41(g) provides, "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." The defendant was not so aggrieved, which will be addressed in the government's response to his motion to suppress. In any event, "The motion must be filed in the district where the property was seized." *Id.*; *see, e.g., United States v. Thomas*, No. CR 06-299, 2015 WL 13448019, at *2 (W.D. Pa. Sept. 8, 2015) (denying 41(g) motion because it should have been filed in the Northern District of Georgia). Here, as the defendant acknowledges in his motion, his property was originally seized in the Southern District of California. Accordingly, his

motion must be filed there, and the Court should deny the motion as improperly filed here.

Moreover, even if the Court had jurisdiction over the motion, the motion is improper at this stage because Rule 41(g) is an equitable remedy, and the defendant has an adequate remedy at law given the pending criminal forfeiture action in this case. *See United States v. Winters*, No. CR 19-62, 2020 WL 1911473, at *2 (W.D. Pa. Apr. 20, 2020) (collecting cases). Moreover, the government is willing to work with stand-by counsel to return the defendant's property that is not subject to forfeiture and identify an appropriate custodian.

Since the motion was improperly filed in this District, the government respectfully request the Court deny it.

          Sincerely,

          BRIAN D. MILLER
          United States Attorney

By:   /s/ *Kyle A. Moreno*
      KYLE A. MORENO
      Assistant United States Attorney

Cc: Gerald A. Lord, Esq.