FILED
WILLIAMSPORT
OCT 0 2 2026
PER NR
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA v. MAX VANCE
Case No. 4:24-CR-00015

## Brief in Support of Emergency Motion for Temporary Florida Residence Stay of Relocation Directive and Expedited Consideration

### I Relief Requested and Material Facts

I ask this Court to preserve an available South Florida home, family support, employment, and therapy while the Court evaluates a disputed instruction to relocate to Pennsylvania. I was informed by Mike Yasenchak that Florida probation declined acceptance of supervision, and I was told by Yasenchak that I have less than 2 weeks to relocate over 1,000 miles under threat of a technical violation. I have no available Pennsylvania home plan or employment and I lack funds for travel/relocation. The accompanying declaration supplies the factual support; the

exact instruction and deadline must be evaluated against the judgment and subsequent orders.

The requested relief is narrow: authorization for the identified Florida residence, suspension of the relocation deadline, continued reporting, and review. All other supervision conditions would remain effective. I request prospective protection during the review.

For privacy, I identify my home publicly as Residence A in Lauderhill, Florida. Rule 49.1(a)(5) and Middle District of Pennsylvania Local Rule 5.2(d)(5) limit public disclosure of a home address to city and state. I will supply the full address through a sealed reference list under Rule 49.1(g) and Local Rule 5.2(e), following the Clerk's procedures. This will allow the Court to identify the exact residence without publishing the street address.

## II This Court May Review and Modify Residence Conditions

Section 3583(e)(2) permits modification, reduction, or enlargement of supervised-release conditions before the term ends, after consideration of the specified § 3553(a) factors. Residence conditions are subject to that continuing authority. Section 3583(d) requires discretionary conditions to bear a reasonable relationship to the designated purposes and to impose no greater restriction of liberty than reasonably necessary. I request individualized relief based on present

circumstances, rather than a collateral attack on the original conviction or sentence. 18 U.S.C. § 3583(d), (e)(2).

Rule 32.1(c)(1) provides a hearing, counsel, and an opportunity to present mitigating information before modification, subject to the exceptions in subsection (c)(2). The 1979 advisory committee note expressly recognizes recourse to the sentencing court to clarify disputed conditions before violating them and to address unreasonable probation-officer decisions. I therefore seek court review now. An expedited response can respect these procedures while preventing the relocation deadline from defeating meaningful review. Fed. R. Crim. P. 32.1(c) & advisory committee's note to 1979 adoption, Note to Subdivision (b).

I have been informed that this Court retains jurisdiction. Formal transfer to another district requires that receiving court's concurrence. Temporary permission to reside in Florida does not itself transfer jurisdiction or establish Florida probation's acceptance. The requested order can address my conditions while supervision arrangements are reviewed. 18 U.S.C. § 3605.

## III The Existing Home and Employment Support Effective Supervision

The relevant considerations include my history and characteristics, deterrence, public protection, and access to needed treatment. 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(D). A real home, family assistance, work, and therapy are concrete resources for meeting those objectives. My declaration identifies these resources in

South Florida. Pennsylvania presents no identified substitute residence or employment on the record.

I submit that requiring departure would undermine stability and the practical ability to comply. The Court should assess the available Florida plan. The Judiciary's residence guidance recognizes that supportive family and social bonds are associated with reduced recidivism and calls for residence decisions to account for risks and needs. Preserving this support during review advances the purposes identified in that guidance. Administrative Office of the U.S. Courts, Overview of Probation and Supervised Release Conditions, ch. 2, Notification of Change in Residence, §§ C(4)(3), D(2).

**IV Transfer Policy Supports Examination of the Denial**

The Guide to Judiciary Policy calls for collaborative decisions that promote successful supervision regardless of the sentencing district. These provisions support examination of whether the Florida denial considered my home, family, work, and support. They do not independently guarantee transfer or establish misconduct.

**V A Limited Temporary Order Will Permit Meaningful Review**

The relocation deadline is October 6, 2026. Moving before a ruling would expose me to displacement and disruption of employment, support, and therapy.

Remaining without authorization creates a threatened violation allegation. Prompt court action is necessary to resolve that dilemma. I request that the Court exercise its supervision authority to authorize the Florida residence and defer relocation for a defined interim period.

The Court can maintain oversight by requiring contact with Pennsylvania probation, and verification of housing and support. Any specific safety concern raised by the Government or probation should be addressed through the least disruptive adequate interim arrangement. My location would be known, and existing supervision obligations would continue except as expressly modified.

I request a hearing unless Rule 32.1(c)(2) permits disposition without one. If the Government objects, a hearing is requested.

## VI Conclusion

For these reasons, I request temporary authorization to remain at the South Florida residence, termination of the Pennsylvania relocation instruction and deadline, interim reporting instruction. I respectfully request that the order state that authorized residence in Florida and nonrelocation during its effective period alone do not constitute a violation.

Respectfully submitted,

Date: September 29th, 2026
Signature: ____________________
Max Vance
Lauderhill, Florida
Defendant pro se