FILED
WILLIAMSPORT
OCT 02 2026
PER NR
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA
v.
Max Vance

Criminal No. 4:24-cr-00015

**Brief in Support of Motion for Appointment of Counsel for Supervised Release Litigation**

**Introduction**

I request appointed counsel for the supervised release residence and reporting dispute described in my motion, including condition modification litigation and any related hearings. I am financially unable to obtain adequate representation. The Criminal Justice Act expressly covers a financially eligible person who faces modification, reduction, or enlargement of a supervised release condition. 18 U.S.C. Section 3006A(a)(1)(E). Appointment will permit informed litigation of a concrete dispute affecting my housing, employment, treatment, and ability to comply with supervision.

**I The Criminal Justice Act Covers These Proceedings**

Section 3006A(a)(1)(E) provides for representation of a financially eligible person charged with a supervised release violation or facing modification, reduction, or enlargement of a condition, or extension or revocation of a supervised release term. The Judicial Conference's guidelines identify these proceedings under mandatory appointments. Guide to Judiciary Policy, Vol. 7A, Section 210.20.10(f). This request concerns current residence and reporting conditions and requested modification under Section 3583(e)(2), not merely a general desire for legal advice during supervision.

Under Section 3006A(b), when a person entitled to representation appears without counsel and the Court is satisfied after appropriate inquiry that the person cannot financially obtain counsel, the Court shall appoint counsel unless the person waives representation. I request counsel and do not waive representation for these proceedings. If the Court needs additional information about the procedural posture or financial eligibility, I ask for an opportunity to provide it.

Rule 32.1(c)(1) separately provides the right to counsel at a hearing to modify supervised release conditions, together with an opportunity to make a statement and present mitigation. The exceptions to the hearing requirement in Rule 32.1(c)(2) do not make a request for judicial review of my conditions a waiver of counsel. I request representation in preparing the matter as well as at any hearing.

If a violation proceeding arises, Section 3006A(a)(1)(E) also expressly covers that proceeding. Rule 32.1(a)(3)(B), (b)(1)(B)(i), and (b)(2)(D) provide notice of the right to retain counsel or request appointed counsel when the person cannot obtain counsel at the applicable stages. I do not represent that a formal violation petition has been filed unless it is identified in my motion. I ask the Court to include related proceedings within the authorized representation if they arise.

**II Employment and Housing Do Not Resolve Financial Eligibility**

The CJA standard is whether I am financially unable to obtain adequate representation. It does not require that I be unemployed or completely destitute. The guidelines direct consideration of net financial resources and income and the cost of necessities for me and my dependents. Guide to Judiciary Policy, Vol. 7A, Section 210.40.30(a). I request an individualized determination based on my completed CJA 23, financial declaration, and any verification the Court requires.

I have employment and a place to live in South Florida, but I state that I cannot retain counsel after accounting for my meager resources and necessary expenses. Having a home plan does not establish ownership of valuable real estate, and family support does not establish that family members will pay an attorney.

The initial eligibility determination should disregard family financial ability unless the family indicates willingness and ability to retain counsel promptly. Guide to Judiciary Policy, Vol. 7A, Section 210.40.50. I will accurately describe any support

or funds actually available to me, including any offer to pay counsel. Doubts about eligibility should be resolved in the applicant's favor, subject to later correction. Id. Section 210.40.30(b). If I am only partially eligible, the Court may address available funds and contributions under Sections 3006A(c) and (f) and the applicable guidelines rather than deny representation solely because some income exists.

## III Prompt Appointment Will Permit Effective Preparation

My dispute involves a rejected Florida home plan, a Pennsylvania relocation or reporting directive, and a threatened technical violation. I have housing, employment, family support, and therapy in South Florida. I have no viable Pennsylvania housing or employment alternative and insufficient funds to relocate. Counsel can review the exact conditions and directive, obtain the relevant explanations, distinguish residence permission from supervision acceptance and transfer of jurisdiction, and present a verified plan for lawful compliance. Counsel can also evaluate and supplement the emergency and modification motions, communicate with both probation offices and the Government, prepare supporting witnesses and records, and represent me at any evidentiary, modification, or violation hearing. These tasks relate directly to the supervised release proceedings identified in my motion. Appointment before a contested

hearing will give counsel a meaningful opportunity to prepare rather than require first involvement at the hearing itself.

The guidelines call for counsel as soon as feasible when a person is otherwise entitled to representation under the CJA. Guide to Judiciary Policy, Vol. 7A, Section 210.40.10. I request a prompt eligibility determination and appointment, with any necessary scheduling adjustment made by express order.

**IV The Appointment Should Define Its Scope and Protect Financial Records**

Section 3006A(c) provides representation throughout the proceedings, including appropriate ancillary matters, and permits appointment when a person becomes financially unable to pay retained counsel. I ask the Court to identify the scope as the residence and reporting condition litigation, related motions, hearings, and related supervised release proceedings in this case. Financial affidavits seeking counsel should remain outside the public case file; if docketed, they should be filed under seal. Guide to Judiciary Policy, Vol. 7A, Section 210.40.20(h). The guidelines also assign the eligibility determination to the Court, require sufficient and accurate information, and provide that the CJA 23 is completed and executed before a judicial officer or employee. Id. Section 210.40.20(a), (d), and (f). I ask for instructions consistent with those procedures and will complete and execute the financial documents as directed.

**Conclusion**

I respectfully request a finding of financial eligibility and prompt appointment of the Federal Public Defender or a qualified CJA panel attorney for the supervised release proceedings identified in my motion and related hearings. I also request confidential handling of my financial materials and reasonable preparation time before a contested hearing, subject to express scheduling orders and preservation of timely emergency consideration.

Respectfully submitted,

Date: September 29th, 2026
Signature: Max Vance
Max Vance
Defendant pro se