FILED
WILLIAMSPORT
OCT 08 2026
PER NR
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA Criminal No. 4:24-CR-00015

v.

Max VANCE

# Brief in Support of Motion Under 28 USC 144

## The facts bearing on personal bias

The names and personal information of the judge's close relatives are in a dataset that the government states was taken by me. The relatives were affected by the breach. Additional specific information about who was said to be affected is revealed in my sealed 455 recusal motion, filed on or about February 24th, 2026. The government requested that affected persons' identities be sealed. The defense and government know of the connection, and the judge knows which close relatives are affected. I do not disclose their names, more precise relationships, or personal information here. I ask the Court to consider the existing sealed record when deciding whether the stated facts support a reasonable belief of personal bias. If more information is needed, I ask for directions that preserve the protection of the identities.

A judge presiding over my supervised release must assess my conduct and may exercise discretion concerning actual condition, alleged violation, sanction, or other matter affecting liberty. The decision will be made in the same case arising from the breach that affected the judge's close relatives. The declaration sets out when I learned the relevant facts, what record shows that the judge already knows which relatives were affected, and why I am filing now.

## Section 144 requires facts supporting an inference of personal bias

Section 144 provides for reassignment when a party files a timely and sufficient affidavit showing that the judge has personal bias or prejudice against that party or in favor of an adverse party, together with the affidavit that is made in good faith. 28 U.S.C. § 144. A declaration executed under penalty of perjury may have the same effect as an affidavit under 28 U.S.C. § 1746.

The statute requires the declaration to state facts and reasons for the belief that bias exists. 28 U.S.C. § 144. I give the material public facts and point to existing sealed docket entry, filed on or about February 24th, 2026, for the protected connection. The judge already knows who the affected close relatives are. f the cited record does not make the basis clear enough, I request a procedure for supplementing it without making protected identities public.

The judge initially decides the affidavit's legal sufficiency, accepting its factual allegations for that purpose, but need not step aside upon filing alone. United States v. Dansker, 537 F.2d 40, 53 (3d Cir. 1976). The test is whether the facts taken as true would convince a reasonable person that the judge

harbors bias against the movant. Id. at 53; United States v. Thompson, 483 F.2d 527, 528–29 (3d Cir. 1973). My declaration describes a family connection to the very conduct for which I was convicted. That is an individualized, nonjudicial circumstance, separate from anything the judge learned by evaluating ordinary evidence or from a generalized attitude toward an offense category.

I recognize that § 144 requires facts supporting bias against me. Here, the asserted facts are that the judge's close relatives are named in the dataset involved in the offense of conviction, were affected by the breach, and that the judge knows who they are. I ask the Court to consider that direct, case-specific family connection together with the judge's knowledge of it when deciding whether a reasonable person would believe personal bias may exist.

A decision from another circuit rejected a recusal claim based on a judge's relative having been a victim of a separate crime similar to the defendant's offense. Cintron v. United States, No. 09-15385, slip op. at 2–3 (11th Cir. Oct. 29, 2010). The connection alleged here is different: the judge's relatives were affected by the very offense of conviction.

Thompson emphasizes the need for an unbiased judge at consequential stages, particularly sentencing. 483 F.2d at 529. The pending decisions on supervised release can likewise have serious consequences for liberty, which makes the personal family connection material to the Court's assessment of this declaration. This is an application of the statutory test to my stated facts. If a judge's family members are affected by the crime of conviction, a reasonable person would likely conclude the judge harbors actual bias (§ 144), and it creates an unquestionable appearance of bias (§ 455(a)).

The known connection arose or became known to me in or about February 2025. Any delay in filing this motion or affidavit was a consequence of adverse legal advice I was given by an attorney who was representing me and assigned to me at the time the information was revealed. Smith directs courts to consider timing in relation to future case stages, while cautioning against withholding recusal grounds pending hoped-for favorable rulings. 585 F.2d at 86–87. I request a prompt decision before the final decision is made about my ability to be supervised at my only residence.

**Relief requested**

On a finding that the completed declaration and certificate are timely and sufficient, § 144 directs that the judge proceed no further and another judge be assigned. I request that result, together with a short continuance if one is needed to resolve the motion before the pending supervised release proceeding.

Respectfully submitted,

Max Vance

Max Vance, pro se

Dated: October 2, 2026