FILED
WILLIAMSPORT
OCT 08 2026
PER NR
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA, Plaintiff,
v.
MAX VANCE
Criminal No. 4:24-CR-00015

**Motion to Clarify or Modify Conditions of Supervised Release to Permit Residence in the Southern District of Florida**

I respectfully move under 18 U.S.C. Section 3583(e)(2) and Federal Rule of Criminal Procedure 32.1(c) for clarification or modification of my residence and reporting conditions to permit me to reside at my South Florida home. I seek a workable supervision plan that preserves my housing, employment and work, therapy, and family support while maintaining effective supervision.

**Facts and Proposed Supervision Plan**

1. I have been informed that jurisdiction remains in the Middle District of Pennsylvania. My supervised release began in or about early June 2026.

2. I have a home in Lauderhill, Florida, within the Southern District of Florida. I identify it publicly as Residence A. It is my only available home plan. My housing arrangement is that I live with family members. I have provided the exact address through a sealed reference list under Rule 49.1(g) and Local Rule 5.2(e), following the Clerk's procedures, or as the Court directs.

4. I have work and employment in South Florida. I don't have the resources to travel/relocate Pennsylvania. Relocating to Pennsylvania would cause me to lose my home, work, therapy, and support.

5. I have family support in South Florida. They are helping me get through this difficult period in my life after having been recently released from prison.

6. I receive psychological therapy in South Florida. Continuing this treatment is part of my proposed supervision plan.

7. On September 24th, 2026, Mike Yasenchak, a probation officer in the Middle District of Pennsylvania, told me my supervision in the Southern District of Florida was terminated.

8. On September 24th, 2026, the aforementioned probation officer told me I have less than 2 weeks to relocate to Pennsylvania and to report in Pennsylvania. I was told that failure to comply would lead to a technical violation allegation.

9. The Pennsylvania destination is approximately 1,000 miles away. I have no home plan, employment, or comparable support there. I lack the funds to relocate or travel there.

10. Between approximately September 25th and September 30th, I repeatedly informed probation of my circumstances and my inability to travel/relocate to Pennsylvania via email and phone messages. No solution was provided.

11. I propose to remain at my home, Residence A, maintain work and therapy, and comply with conditions. I am able to report by telephone or video to Pennsylvania probation or in person to Southern Florida probation, and to comply with any feasible local reporting, visits, or testing arrangements approved by the Court and coordinated between the probation offices.

**Relief Requested**

I respectfully ask the Court to:

A. Expressly authorize me to reside at Residence A in Lauderhill, Florida, as identified by the full address supplied under seal, for the remainder of my supervised release.

B. Clarify or modify the conditions identified above to the extent they require residence or physical reporting in Pennsylvania, so that they permit the Florida residence and the reporting arrangements approved by the Court. The order should supersede the specific relocation directive identified in paragraph 8 and specify

that authorized Florida residence does not, by itself, violate supervised release conditions.

C. Schedule a hearing to evaluate my home plan under Rule 32.1(c), unless the requested favorable relief can lawfully be granted without a hearing under Rule 32.1(c)(2). I request remote participation if permitted because of the distance and my lack of travel funds.

D. Direct Pennsylvania probation to renew coordination with Southern District of Florida probation concerning courtesy supervision or other workable arrangements. If the receiving court concurs and the statutory requirements are met, transfer jurisdiction under 18 U.S.C. Section 3605 to the Southern District of Florida. If transfer is not accepted, consider a feasible Florida residence and reporting arrangement while this Court retains jurisdiction.

E. Direct probation to provide an updated, clear written statement of my residence and reporting conditions under 18 U.S.C. Section 3583(f), and grant any further appropriate relief.

I seek prospective relief based on my circumstances, not termination of supervision. My accompanying brief explains the legal grounds.

Respectfully submitted,

Date: October 4th, 2026
Signature:

Max Vance, pro se
Lauderhill, Florida