FILED
WILLIAMSPORT
OCT 08 2026
PER NR
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA v. MAX VANCE
Criminal No. 4:24-CR-00015

# Brief in Support of Motion to Clarify or Modify Conditions of Supervised Release to Permit Residence in the Southern District of Florida

## Introduction

I seek a lasting residence and reporting arrangement that allows me to complete supervised release from my South Florida home. I have housing, work, family support, and therapy here. I have no viable Pennsylvania home plan or employment and no funds to travel/relocate over 1,000 miles. I ask the Court to evaluate those circumstances, and clarify or modify my conditions under 18 U.S.C. Section 3583(e)(2) and Rule 32.1(c).

**Factual Background**

I have been informed that this Court retains jurisdiction. I identify my Florida home publicly as Residence A in Lauderhill, Florida. The housing arrangement, employment, family support, therapy, denial of Florida supervision, relocation directive, and lack of a viable Pennsylvania alternative are described in the motion and the supporting materials identified there.

The directive was communicated on Thursday, September 24th, 2026 and I was told to relocate and report to the Middle District of Pennsylvania, in less than 2 weeks, by Tuesday, October 6th, 2026.

**Legal Standard**

Section 3583(e)(2) authorizes the Court to modify, reduce, or enlarge supervised release conditions before the term expires or terminates.

Section 3583(e)(2) also incorporates the provisions governing the initial setting of conditions. Under Section 3583(d)(1) through (3), discretionary conditions must reasonably relate to the specified statutory factors, involve no greater deprivation of liberty than reasonably necessary for deterrence, public protection, and treatment, and remain consistent with pertinent Sentencing Commission policy statements. Section 3583(f) requires a written statement of conditions sufficiently clear and specific to guide my conduct.

Rule 32.1(c)(1) generally requires a hearing before conditions are modified, with the right to counsel and an opportunity to make a statement and present mitigation. A hearing is not required if I waive it, or if the relief is favorable, does not extend the term, and the Government's attorney has received notice, had a reasonable opportunity to object, and has not objected. Fed. R. Crim. P. 32.1(c)(2).

The 1979 Advisory Committee Note to former subdivision (b) explains that a person on probation should be able to seek clarification or a change of conditions from the sentencing court before violating an ambiguous condition, and should have court recourse when an unreasonable probation decision requires clarification or modification. Fed. R. Crim. P. 32.1 advisory committee's note to 1979 adoption (note to subdivision (b)). The 1989 amendments extended the rule to supervised release. The notes support judicial review; they do not establish that my request must be granted.

## I My Home Plan

My present circumstances favor preserving the stability that makes compliance practical. My Florida home gives probation an identifiable residence to verify. Employment and work provides lawful income for basic expenses. Family support assists my reintegration. Continuing therapy avoids a disruption of treatment.

I have no available housing, work, family, or support in the Middle District of Pennsylvania, and insufficient funds to travel or relocate to Pennsylvania.

Relocation would jeopardize my existing employment and interrupt therapy while creating a risk of homelessness. I ask the Court to weigh these concrete consequences against the specific reasons probation believes relocation is necessary.

I request a verified Florida home plan with appropriate reporting, treatment, testing, and visits, rather than relief from supervision. The proposed conditions should preserve oversight while avoiding unnecessary displacement. See 18 U.S.C. Section 3583(d).

**II Clear Residence and Reporting Instructions Are Needed**

I seek clarification now because I have been told that remaining at my residence in Florida may result in a technical violation allegation. The Court should determine whether the judgment requires Pennsylvania residence or whether the directive reflects probation's implementation of a residence approval or reporting condition. If the existing conditions authorize the requested arrangement, the Court can clarify that authorization and its limits. If they do not, I request prospective modification under Section 3583(e)(2). The resulting order should identify Residence A, specify the supervising office and reporting method, and state how the order affects the particular relocation directive. An updated written statement would guide my compliance as Section 3583(f) requires.

This is the type of request contemplated by the 1979 Advisory Committee Note: clarification or modification through the sentencing court, without requiring a person first to violate a disputed condition.

**III Residence Permission and Transfer Are Separate Decisions**

Under 18 U.S.C. Section 3605, a court may transfer jurisdiction over a person on supervised release to a district to which the person is required or permitted to proceed, with the concurrence of the receiving court. Florida's concurrence is therefore necessary for a jurisdictional transfer. My motion does not ask this Court to compel another court to accept jurisdiction.

I request renewed consideration of supervision arrangements based on my present, verifiable home plan, followed by transfer if Florida's court concurs and the statutory requirements are satisfied. Residence permission, courtesy supervision, and transfer of jurisdiction should not be treated as interchangeable. If transfer is unavailable, I ask this Court to assess whether a feasible Florida residence and reporting arrangement can be approved while jurisdiction remains here.

**IV The Exact Residence Can Be Identified Without Public Disclosure**

Rule 49.1(a)(5) limits a home address in a public criminal filing to city and state. Middle District of Pennsylvania Local Rule 5.2(d)(5) provides the same protection. A sealed reference list can identify the full address corresponding to Residence A under Rule 49.1(g) and Local Rule 5.2(e). I will follow the Clerk's sealed filing

procedures or the Court's directions; merely labeling a document sealed does not complete those procedures. The Court can receive the full address for verification without publishing the street address in these documents.

**Conclusion**

I respectfully ask the Court to authorize Residence A in the Southern District of Florida; clarify or modify any inconsistent residence or Pennsylvania reporting requirement; if necessary hold a hearing; and direct renewed coordination regarding a workable supervision arrangement and a Section 3605 transfer if the receiving court concurs. All other conditions should remain in effect unless expressly modified. I seek a clear, enforceable plan that allows me to maintain my home, employment, therapy, and family support while completing supervised release.

Respectfully submitted,

Date: October 4th, 2026
Signature: ______________________________
Max Vance, pro se
Lauderhill, Florida