IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
WILLIAMSPORT
NOV 04 2026
PER Dmb
DEPUTY CLERK

**UNITED STATES OF AMERICA,**
*Plaintiff,*
v.
**MAX VANCE,**
*Defendant.*

**No. 4:24-CR-00015**

# Brief in Support of Motion to Recuse Judge Matthew W Brann from Supervised Release Proceedings

## Introduction

This brief supports my request that Judge Matthew W. Brann be recused from presiding over all matters concerning my supervised release. My request is based on the appearance created by Judge Brann's personal connection to the alleged medical-record dataset at issue in the underlying prosecution and by the asserted course of prior judicial conduct. The requested relief is prospective: reassignment of supervision-related proceedings to a different judge.

## Background

The underlying prosecution alleged unauthorized access to a protected computer and to a dataset containing patient information. The case is currently beyond the prosecution phase and now concerns supervised release. Future decisions concerning the conditions, administration, enforcement, alleged violation, or revocation of supervised release may affect my liberty.

I allege that the dataset contained medical records belonging to multiple close relatives of Judge Brann. I further allege that, during the earlier proceedings, Judge Brann repeatedly encouraged me to plead guilty, made adverse conclusory statements, and inaccurately characterized my positions in written rulings. Those allegations are relevant here only as background bearing on whether a reasonable observer would question impartiality in future supervised-release proceedings.

## Governing Law

Section 455(a) provides that a federal judge must disqualify himself in any proceeding in which his impartiality might reasonably be questioned. Section 455(b)(1) separately requires disqualification when the judge has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. The statute defines a proceeding to include pretrial, trial, appellate review, or other stages of litigation. 28 U.S.C. § 455(d)(1). Supervised-release proceedings are therefore subject to the same statutory duty of impartiality.

## Argument

### The connection of close relatives to the alleged dataset creates an appearance concern

The Government's underlying allegations involved access to patient information within a dataset. I allege that the medical information of multiple close relatives of Judge Brann was included in that dataset. Even without proof of actual bias, that alleged personal connection to the subject of the prosecution could cause a reasonable observer to question whether Judge Brann has an interest or perspective distinct from that of a neutral adjudicator.

The concern extends to supervised release because a judge presiding over supervision may be called upon to assess my conduct, credibility, compliance, and liberty. A reasonable observer could question whether the alleged connection of Judge Brann's close relatives to the records at issue might consciously or unconsciously affect those decisions. Reassignment would protect public confidence in the fairness of the supervision process.

### The prior proceedings reinforce the appearance of partiality

I also rely on the following events from the earlier proceedings. I present them as part of the totality of circumstances, not as an assertion that every adverse statement or assertion independently requires recusal:

1. At the February 28, 2025 detention hearing, Judge Brann referred to my counsel, Gerald Lord, as being almost seventy years old. I understood the remark, in context, as suggesting that I should stop consuming counsel's time and plead guilty.
2. At the November 25, 2025 status conference, Judge Brann repeatedly stated that accepting a plea agreement would be practical and said that he had the largest caseload in the district. I understood those statements as pressure to resolve the matter by a guilty plea.
3. At the February 5, 2026 status conference, Judge Brann again suggested that I plead guilty and accept a plea agreement, referred to being very busy, and stated that he was working on two cases related to the matter and that everything pointed to me.
4. I asserted that I lacked the resources needed to secure sufficient expert assistance and that appointed counsel had limited resources. I requested additional time to prepare. I allege that Judge Brann treated those requests as delay and accused me, without evidentiary support, of seeking an expert who would merely say what I wanted.
5. I allege that a February 5, 2026 status conference was convened without adequate notice regarding material issues, leaving me unable to prepare fully.

6. In the memorandum opinion at Docket 152, I allege that the Court described my arguments too narrowly, failed to account for the large number of people with ties to patients, and framed the analysis in a manner that favored the Government.

7. In the order at Docket 92, which denied my second emergency motion for temporary release, the Court stated that I had introduced no new grounds. I dispute that characterization and state that I had raised additional grounds, including alleged exposure to neurotoxins from secondhand drug smoke while incarcerated.

Viewed together with the alleged inclusion of close relatives' medical information in the dataset, these events could lead a reasonable observer to question whether future supervised-release matters would be adjudicated with the appearance of complete neutrality. My request for reassignment is therefore directed to the prospective supervision phase, rather than to relitigation of the completed prosecution.

**Recusal would protect the integrity of supervised release proceedings**

Supervised-release decisions may involve changes to conditions, findings concerning compliance, sanctions, or revocation. Those decisions can have substantial liberty consequences. Judge Brann's continued participation in my supervised-release proceedings would cause his impartiality to be reasonably questioned. Reassignment would eliminate that appearance of partiality and preserve public confidence in the fairness and impartiality of all future proceedings. Reassignment now would avoid any future appearance of partiality and would preserve confidence that every supervision-related determination is made by a judge without an alleged personal connection to the underlying records.

**Conclusion**

For the foregoing reasons, I respectfully request that Judge Matthew W. Brann recuse himself from presiding over all current and future supervised-release proceedings in this matter and that those proceedings be reassigned to another judge.

Respectfully submitted,

/s/ Max Vance
Max Vance
Defendant, Pro Se